**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALYSSA DIANE SJOTHUN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 25-00469-KD-B** |
| | * | |
| **MATTHEW PETERSON, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

## ORDER

This action is before the Court on review.[1] Plaintiff Alyssa Diane Sjothun, an inmate at the Brazoria County Detention Center in Angleton, Texas, commenced this civil action by filing a *pro se* complaint on notebook paper and a motion to proceed without prepayment of fees. (Docs. 1, 2).[2] Sjothun's complaint indicates that she is claiming violations of her rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution, as well as the "United Nations Convention Against Torture." (See Doc. 1 at 6).

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

[2] Sjothun also filed a motion for an emergency preliminary injunction (Doc. 3), which has been referred to the assigned District Judge.

**A.   Sjothun Must File an Amended Complaint on this Court's 42 U.S.C. § 1983 Prisoner Complaint Form.**

As best the Court can discern, Sjothun's complaint is primarily based upon her assertion that various officials acting under color of state law violated her federal constitutional rights.  Thus, she appears to be primarily asserting claims for relief under 42 U.S.C. § 1983.  However, Sjothun's complaint is not on the form required by this Court for a prisoner complaint under 42 U.S.C. § 1983.  Accordingly, Sjothun is **ORDERED** to file an amended complaint on or before **December 22, 2025,** using this Court's required form complaint for a prisoner action under 42 U.S.C. § 1983.

Sjothun's amended complaint will supersede and completely replace her original complaint; therefore, the amended complaint shall not reference or seek to incorporate by reference any portion of the original complaint, because the original complaint will be considered abandoned upon the filing of the amended complaint. Sjothun must fully complete all applicable sections of the form complaint and sign the complaint under penalty of perjury.  If additional pages are needed to provide all of the information requested in the form complaint, Sjothun must **strictly follow** the

format contained in the form complaint when completing the additional pages.[3]

### B. Sjothun's Complaint is Deficient in Several Other Respects.

In addition to not being on the proper form, Sjothun's complaint is also deficient in other important respects. The Court will outline those deficiencies in this order so that Sjothun can avoid repeating them in her amended complaint.

*First*, Sjothun improperly seeks to join unrelated claims against different defendants in a single action. A plaintiff may generally bring as many claims as she has against a single defendant. See Fed. R. Civ. P. 18(a). But a plaintiff may join multiple defendants in a single action only if: (1) any right to relief asserted against those defendants arises "out of the same transaction, occurrence, or series of transactions or

---

[3] Notably, this Court's § 1983 prisoner complaint form directs plaintiffs to disclose whether they have (A) filed any other lawsuits in state or federal court dealing with the same or similar facts involved in the present action, and/or (B) filed other lawsuits in state or federal court relating to their imprisonment. The form directs that if the answer to either of those questions is yes, the plaintiff is to describe each such lawsuit in the space provided and describe additional lawsuits on a separate piece of paper if necessary. Sjothun is hereby **<u>cautioned</u>** that if she fails to **fully** comply with these directives by disclosing **each** lawsuit she has filed in **any** state or federal court relating to her current or past imprisonment or dealing with the same or similar facts involved in the present action, the undersigned will recommend that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), and/or for failure to comply with the Court's orders.

occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

"A claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998) (per curiam). "[A] logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010). "In other words, there is a logical relationship when the same operative facts serve as the basis of both claims." Barber v. Am.'s Wholesale Lender, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (quotations omitted).

"Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi-claim, multi-defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).[4] "A lawsuit against multiple

---

[4] For example, a prisoner's lawsuit "complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—

defendants based on unrelated events would create case management problems, prejudice the defendants, and be fundamentally unfair." Walker v. Fed. Bureau of Prisons, 2022 U.S. Dist. LEXIS 249202, at *10, 2022 WL 22329217, at *4 (N.D. Fla. Jan. 26, 2022).

In her complaint, Sjothun alleges a litany of purported constitutional violations (and possibly other claims) against law enforcement officers involved in her arrest; employees of the company that towed her damaged vehicle from the scene of her arrest; the public defender who represented her in the resulting criminal proceedings and the presiding judge in those proceedings; and Alabama Department of Human Resources employees, her court-appointed attorney, judges, and other court staff involved in proceedings concerning her children, as well as her children's foster parents. There is no logical relationship between – just to name a few examples – Sjothun's arrest-related claims against Baldwin County Sheriff's officers, property claims against towing company employees, ineffective assistance claims against her public defender, and claims against DHR employees and court staff concerning her children's foster care placement proceedings. To the extent Sjothun seeks to assert these and any other sets of unrelated claims involving different defendants, such claims must

_____

should be rejected" as violating Rule 20(a)(2). George, 507 F.3d at 607.

5

be filed in separate lawsuits each subject to a separate filing fee.

*Second*, Sjothun's complaint is an impermissible shotgun pleading. A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Relatedly, Rule 10(b) of the Federal Rules of Civil Procedure mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b).

These rules "work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading,

[and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Complaints that violate Rules 8 and 10 are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four general types or categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Sjothun's complaint is far from a "short and plain statement" of her claims and falls under the second, third, and fourth categories of shotgun pleadings. The complaint consists primarily of a long narrative voicing a variety of complaints against various individuals, but it fails to make clear what specific *legal claim(s)* are being asserted against each defendant. Nor is it possible to discern which factual allegations contained in the sprawling narrative are intended to form the basis for Sjothun's unidentified claims. The complaint purports to assert only three counts, but each of those counts clearly encompass multiple (albeit unidentified) claims for relief and causes of action that should be pled separately (or in some cases in an entirely separate lawsuit).

*Third*, Sjothun's complaint violates the general rule against fictitious party pleading in federal court. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). A plaintiff cannot sue an unnamed defendant based solely on the hope or belief "that discovery might reveal [that] unnamed defendant's identity." Vielma v. Gruler, 808 F. App'x 872, 880 (11th Cir. 2020) (per curiam). Instead, a plaintiff may sue a real party under a fictitious name *only* when "the plaintiff's description of the defendant is 'sufficiently clear to allow service of process.'" Id. (citing Dean v. Barber, 951 F.2d 1210, 1215–16 & n.6 (11th Cir. 1992); Richardson, 598 F.3d at 738).

Because Eleventh Circuit "precedent has always required an unambiguous description of a defendant that enables service of process," a plaintiff's description of an unnamed defendant must allow the reader to point to a specific individual. Id. If the plaintiff's description of a defendant "leaves the reader unable to identify the particular individual described," it will fall outside the narrow exception to the rule against fictitious-party pleading. Huffman v. Dunn, 2021 U.S. Dist. LEXIS 115112, at *25, 2021 WL 2533024, at *9 (N.D. Ala. June 21, 2021). Identifying a defendant "simply by a title held by numerous other individuals . . . fails to provide the specificity required to avoid the fictitious-party pleading rule." Vielma v. Gruler, 347 F. Supp. 3d 1122, 1138 (M.D. Fla. 2018) (quotation omitted), aff'd, 808 F. App'x 872 (11th Cir. 2020).

Here, Sjothun purports to sue various unnamed defendants, but her description of several of these defendants, such as "Tow Taters Towing unknown unnamed employees #1-2" and "unknown overseeing court staff," is not sufficiently clear to specifically identify and facilitate service of process on these individuals and therefore falls outside the narrow exception to the rule against fictitious party pleading. Sjothun's amended complaint must omit suing unnamed defendants, unless she is able to describe each such defendant with sufficient clarity to enable service of process on that person.

*Fourth*, Sjothun appears to assert claims for damages on behalf of her children that she has no authorization to pursue as a *pro se* litigant. (See Doc. 1 at 8 ("The defendants owe a minimum of $10,000 per day, individually, to my children . . . and myself for each day we have been separated . . . .")). Individual parties in federal court generally "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. "The right to appear *pro se*, however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam). Consequently, although Federal Rule of Civil Procedure 17 authorizes a guardian to sue on behalf of a minor child, "a non-lawyer parent has no right to *represent* a child in an action in the child's name." Whitehurst v. Wal-Mart, 306 F. App'x 446, 449 (11th Cir. 2008) (per curiam) (emphasis in original); see Devine v. Indian River Cty. Sch. Bd., 121 F.3d 576, 582 (11th Cir. 1997) (holding "that parents who are not attorneys may not bring a *pro se* action on their child's behalf"), overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 535 (2007). In the absence of anything before the Court indicating that Sjothun is a licensed attorney, she cannot represent and bring claims or seek damages on behalf of her children in this action.

10

*Fifth*, Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny prohibit § 1983 actions "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff shows that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) (quoting Heck, 512 U.S. at 486-87).[5]

The disposition of Sjothun's Alabama criminal charges is not entirely clear to the Court. However, to the extent her damages claims, if successful, would necessarily imply the invalidity of her convictions or potential convictions on the charges against her, they are barred by Heck.

## C.   Pleading Standards for a Complaint Seeking Relief Under 42 U.S.C. § 1983.

The Court reiterates that a complaint in federal court is required to contain "a short and plain statement" of the plaintiff's claim. Fed. R. Civ. P. 8(a)(2). A plaintiff must

---

[5] "Heck applies to suits filed by pretrial detainees." Walker v. Roberson, 2017 U.S. Dist. LEXIS 83997, at *8, 2017 WL 2374799, at *3 (N.D. Ala. Feb. 21, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 82810, 2017 WL 2367053 (N.D. Ala. May 31, 2017).

plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. To show a defendant is liable for the misconduct alleged, a plaintiff is required to include factual allegations that plausibly support each essential element of her claim. <u>Randall v. Scott</u>, 610 F.3d 701, 708 n.2 (11th Cir. 2010). Vague and conclusory allegations are subject to dismissal because they do not provide facts. <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) a person acting under the color of state law (2) deprived her of a right secured under the United States Constitution or federal law. <u>See</u> <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992); 42 U.S.C. § 1983. There is no "vicarious liability, including respondeat superior, in § 1983 actions." <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1331 (11th Cir. 2007). Thus, a defendant "may not be sued under Section 1983 for the acts of others but, rather, only for its own acts." <u>Hamilton v. City of Jackson</u>, 508 F. Supp. 2d 1045, 1056 (S.D. Ala. 2007), <u>aff'd</u>, 261 F. App'x 182 (11th Cir. 2008). Accordingly, a plaintiff asserting a claim under 42 U.S.C. § 1983 must show a causal connection between each defendant's actions, orders,

12

customs, or policies and the alleged violation of the plaintiff's rights. <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam); <u>Williams v. Bennett</u>, 689 F.2d 1370, 1380 (11th Cir. 1982).

Again, Sjothun must draft and file her amended complaint on this Court's § 1983 prisoner complaint form, and she must fully complete all applicable sections of the complaint form. To avoid repeating the shotgun pleading errors described above, Sjothun should pay particular attention to the instructions in Section III of the complaint form. In that section, Sjothun must (1) identify the full name, job title, and place of employment of each person she intends to include as a defendant in this action; (2) clearly and separately identify each legal claim she is making against that defendant; and (3) state the facts supporting each claim against that defendant (to the extent more than one claim is asserted against a defendant, Sjothun must make clear which facts pertain to which claims).[6] If Sjothun cannot list all of the necessary information on the space provided in the form complaint, she must attach additional pages to the form complaint, but in doing so, she must **<u>strictly follow the format contained in Section</u>**

---

[6] To the extent she asserts claims under 42 U.S.C. § 1983, Sjothun must clearly identify the constitutional or federal right(s) she claims was violated by each defendant and provide the facts supporting each such claim. To the extent she asserts other claims, Sjothun must clearly identify the legal basis for such claims and provide the facts supporting each of those claims.

**III of the form complaint for each defendant** and must clearly identify each of her legal claims against each defendant and the facts supporting each claim against each defendant.

Sjothun is **cautioned** that if she fails to file an amended complaint within the ordered time, or if she files an amended complaint that fails to address and corrected the noted deficiencies in her original complaint and to comply with the pleading directives contained in this order, the undersigned will recommend that this action be dismissed for failure to prosecute and/or to comply with the Court's order.

D.    **Motion to Proceed Without Prepayment of Fees (Doc. 2).**

Additionally, a review of Sjothun's motion to proceed without prepayment of fees reveals that it is not on the proper form and provides none of the information needed to determine whether she should be permitted to proceed without prepayment of fees (*in forma pauperis*). Accordingly, Sjothun's motion to proceed without prepayment of fees (Doc. 2) is **DENIED without prejudice.** Sjothun is **ORDERED** to file a new motion to proceed without prepayment of fees on or before **December 22, 2025,** using this Court's standard form for a motion to proceed without prepayment of fees in a prisoner action. The motion form must be fully completed and must include a certificate completed and signed by an authorized jail official. The motion must also include a financial statement reflecting all transactions in Sjothun's inmate account for the

six-month period immediately preceding the filing of this action. In lieu of filing a motion to proceed without prepayment of fees, Sjothun may pay the **$405.00** filing and administrative fees for a civil action on or before **December 22, 2025.**

Sjothun is **<u>cautioned</u>** that if she fails to fully comply with this order within the prescribed time, or if she fails to immediately notify this Court in writing of any change in her address, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to obey the Court's order.

The Clerk of Court is **DIRECTED** to send Sjothun a copy of her original complaint (Doc. 1) for her reference, along with copies of this Court's forms for a prisoner complaint under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees in a prisoner action for her use.

**DONE** this **21st** day of **November, 2025.**

_____
**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

15