**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ALYSSA DIANE SJOTHUN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action No. 25-00469-KD-B** |
| | ) |
| **MATTHEW PETERSON,** *et al*, | ) |
| | ) |
| **Defendants.** | ) |

<u>**ORDER**</u>

This action brought pursuant to 42 U.S.C. § 1983 is now before the Court on the Request for Emergency Preliminary Injunction (doc. 3). Plaintiff Alyssa Diane Sjothun, seeks an "injunction against the defendants on behalf of" her children, Z.D. and S.D. (Id.). As injunctive relief, Sjothun asks for an "emergency change of custody" to "either their paternal grandmother … or maternal grandmother …" (Id.).

I. <u>Background</u>[1]

On October 7, 2024, Sjothun was traveling from Florida with her two-year old child and four-month child to her home in Mississippi. According to Sjothun, she was in Baldwin County, Alabama when she saw an Officer turn on the blue lights. She was afraid to stop because of darkness and continued driving toward the freeway to find a well-lighted open business. The Officer followed. Ultimately, before reaching the freeway, the Officer bumped the rear of Sjothun's vehicle which spun around and was then struck in the front by another police vehicle that had joined the pursuit (docs. 1, 6).

Sjothun was arrested for the offenses of attempting to elude law enforcement, possession of marijuana 2nd degree, possession of drug paraphernalia, criminal mischief 2nd degree, and two

---

[1] The background information is summarized from Sjothun's Complaint and Amended Complaint.

counts of reckless endangerment (www.https//v2.alacourt.com, last visited April 27, 2026).  The vehicle was towed and impounded. The two children were placed in the custody of the Baldwin County Department of Human Resources (DHR) (docs. 1, 6).

Sjothun appeared before a judge for the criminal offenses and counsel was appointed to represent her.  She appeared before a different judge for the child custody proceedings in juvenile court. A guardian ad litem was appointed to represent the children, and counsel was appointed to represent Sjothun (docs. 1, 6).  Sjothun appears to have remained in Baldwin County custody until she was transferred to Texas, and then Arizona, based on outstanding warrants.  The docket indicates that she has since been released and is now in Mesa, Arizona (docs. 8. 10, 13)

Sjothun filed a three-count Complaint against Officer Matthew Peterson and "unknown unnamed" Baldwin County Sheriff's Officers; Tow Taters Towing and its unnamed employees; court-appointed defense attorney Mark Lowell; Baldwin County Judge William Scully Sr.; Baldwin County Juvenile Court Judge Carmen Bosch; DHR caseworkers Terika Portlock Johnson, Katherine Hopper, Kayla Edgar, and other "unknown and unnamed" DHR caseworkers; the "unknown unnamed foster placements # 1-2", court-appointed defense counsel Deidra Drinkard and court appointed guardian ad litem Natalie Jones (doc. 1).  Although Sjothun did not cite to 42 U.S.C. § 1983, she alleges that federal question is the basis for jurisdiction and that constitutional Amendments 4, 5, 6, 8, 9, and 14 "are at issue in this case" as is the "United Nations Convention against Torture" (Id.).  Sjothun also alleges that diversity jurisdiction is present because she is a citizen of Arizona and the Defendants are citizens of Alabama (Id.).

On review, the Court determined certain deficiencies in the Complaint, such as naming fictitious parties and joining unrelated claims against different defendants.  The Court provided Sjothun with information how to correct the deficiencies and ordered her to file an Amended Complaint on the Court's 42 U.S.C. § 1983 Prisoner Complaint Form (doc. 4).

Sjothun then filed the Amended Complaint as ordered (doc. 6).  Sjothun raises claims which are based primarily upon the Juvenile Court custody proceedings but still includes a claim against Judge Scully.  Sjothun did not name the following as a defendant: Officer Matthew Peterson, "unknown unnamed" Baldwin County Sheriff's Officers, Tow Taters Towing and its unnamed employees, and the "unknown unnamed foster placements # 1-2". Thus, she has abandoned her claims against these defendants, and they have been terminated.

In the Amended Complaint, Sjothun alleges violation of her due process rights under the Fourteenth Amendment arising from the post-arrest placement of her children into DHR custody. She seeks return of her children to her or placement with their paternal grandmother or maternal grandmother, as well as monetary damages (Id., p. 17).

II. Analysis

Sjothun moves "on behalf of" her children for injunctive relief in the form of a change of custody from DHR to either the paternal grandmother or maternal grandmother.  However, in the Eleventh Circuit, Sjothun, as a non-attorney parent, may not proceed pro se on behalf of her children.  Accordingly, the motion made on behalf of the children is denied. Warner v. Sch. Bd. of Hillsborough Cnty., Fla., No. 23-12408, 2024 WL 2053698, at **2-3 (11th Cir. May 8, 2024) (per curiam) (unpublished) (holding that panel was "bound by our holding in Devine" that "neither 28 U.S.C. § 1654 nor Federal Rule of Civil Procedure 17(c)... permits a parent to represent his or her child pro se in federal court") (citing Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by* Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007); Dixit v. Fairnot, No. 23-11436, 2025 WL 1733887 (11th Cir. June 23, 2025) (same).

To the extent that Sjothun represents herself, the motion is denied.  A preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly established the

burden of persuasion as to each of the four prerequisites." <u>Siegel v. LePore</u>, 234 F. 3d 1163, 1176 (11th Cir. 2000) (en banc).  Thus, to obtain a preliminary injunction, Sjothun must establish that each of the four prerequisites weigh in her favor. Here, Sjothun has failed to show 1) that she has a substantial likelihood of success on the merits, 2) a substantial threat of an irreparable injury if the injunction is not granted, 3) that the threatened injury to her outweighs the harm the injunction would inflict on the non-movants, and 4) that granting the injunction would not disserve the public interest. <u>Siegel</u>, 234 F. 3d at 1176 (11th Cir. 2000).

Moreover, while Sjothun alleges that the motion is an emergency motion, over a year had passed since Sjothun's arrest and the children's placement in DHR custody before she filed the motion.  This lapse of time discredits the emergent nature of the relief sought. <u>See Wreal, LLC v. Amazon.com, Inc.</u>, 840 F.3d 1244, 1248 (11th Cir. 2016) ("[T]he very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits.").

III. <u>Conclusion</u>

Accordingly, for the reasons set forth herein, the motion is denied.

The Clerk is directed to mail a copy of this Order to Sjothun at her address of record.

**DONE** and **ORDERED** this 28th day of April 2026.

<u>**s / Kristi K. DuBose**</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**