IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALYSSA DIANE SJOTHUN,           *
                                *
     Plaintiff,                 *
                                * CIVIL ACTION NO. 25-00469-KD-B
vs.                             *
                                *
KATHERINE HOPPER, *et al.*,     *
                                *
     Defendants.                *

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1]  Plaintiff Alyssa Diane Sjothun ("Sjothun") commenced this action seeking relief under 42 U.S.C. § 1983 while she was incarcerated at the Brazoria County Detention Center in Angleton, Texas.  (See Doc. 1).  Sjothun was subsequently transferred from the Brazoria County Detention Center to the Maricopa County Jail in Phoenix, Arizona.  (Doc. 10).  The Court granted Sjothun leave to proceed without prepayment of the entire $350.00 statutory filing fee for this action but ordered her to pay an initial partial filing fee of $11.67.  (Docs. 7, 11).  Sjothun paid the initial partial filing fee of $11.67 in April 2026.  (Doc. 14).

On April 10, 2026, Sjothun notified the Court that her new mailing address was 6449 E. Colby Street, Mesa, Arizona 85205.

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

(Doc. 13).  In an order dated May 7, 2026, the Court noted that based on the new address provided by Sjothun, it appeared that she had been released from custody and was no longer incarcerated. (Doc. 16 at 1).  The Court explained that because Sjothun filed this action while she was a prisoner, she remained obligated to pay the entire $350.00 statutory filing fee for this action. (Id.).  The Court noted that Sjothun had paid the initial partial filing fee of $11.67 but had not made any other payments toward the outstanding amount of the filing fee.  (Id. at 1-2).  Thus, the Court ordered Sjothun, if she wished to proceed further with this litigation, to pay the outstanding portion of the filing fee, in the amount of $338.33, on or before June 8, 2026.  (Id. at 2). The Court directed that if Sjothun was unable to pay the outstanding amount owed in one lump-sum payment at that time, she could file a new, updated motion to proceed without prepayment of fees on or before June 8, 2026.  (Id.).  The Court cautioned Sjothun that if she failed to timely comply with the order by either paying the remainder of the filing fee or filing an updated motion to proceed without prepayment of fees on or before June 8, 2026, the undersigned would recommend that this action be dismissed for failure to prosecute and to comply with the Court's order. (Id. at 2-3).

The Clerk mailed a copy of the Court's order dated May 7, 2026, along with a copy of this Court's form for a motion to

2

proceed without prepayment of fees, to Sjothun at her new address of record, and the mailing was not returned as undeliverable. However, Sjothun has not complied with or otherwise responded to the Court's order dated May 7, 2026; indeed, Sjothun has made no further filings since April 2026.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute or to comply with a court order under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005); see also S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). To dismiss an action with prejudice for failure to prosecute or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As previously discussed, Sjothun has not complied with the Court's order directing her to either pay the remainder of the filing fee or file an updated motion to proceed without prepayment

3

of fees on or before June 8, 2026.  Given what appears to be Sjothun's willful failure to prosecute this action and to comply with this Court's order, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and/or this Court's inherent authority, as it appears no lesser sanction will suffice to induce her compliance with the Court's directives.[2]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

---

[2] In Alabama, the statute of limitations for filing a § 1983 action is two years.  Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Sjothun alleges that the actions complained of occurred from October 8, 2024 to the present.  (See Doc. 6 at 7).  Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice.

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **29th** day of **June, 2026.**

                              /S/ SONJA F. BIVINS
                    **UNITED STATES MAGISTRATE JUDGE**

5