**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALYSSA DIANE SJOTHUN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 25-00469-KD-B** |
| | ) | |
| **KATHERINE HOPPER, *et al*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action was brought pursuant to 42 U.S.C. § 1983 and is now before the Court on a "General Motion" from pro se Plaintiff Alyssa Diane Sjothurn (doc. 22). Because the Motion was filed beyond Rule 59(e)'s 28-day time frame, see Fed. R. Civ. P. 59(e),[1] the Court construes[2] it as a motion for relief from an order or judgment pursuant to Rule 60(b)(6), the catch-all provision which allows relief for any reason other than those enumerated in paragraphs (b)(1) through (b)(5), which justifies relief. See Fed. R. Civ. P. 60(b)(6).

Upon consideration, and for the reasons set forth herein, the motion is GRANTED. Accordingly, the Order, Judgment, and Report and Recommendation are VACATED.

The Court previously granted Sjothun leave to proceed without paying the entire statutory filing fee and ordered her to pay an initial partial filing fee of $11.67 (doc. 11). Sjothun paid the initial partial filing fee as ordered (doc. 14). However, she did not make any other payments

---

[1] The Order and Judgment were entered on July 22, 2026 (doc. 18, 19). Applying the inmate mailbox rule, Sjothun filed her Motion on September 2, 2026, the date it was signed (doc. 22, p. 2). Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015).

[2] "Courts are obligated to 'look behind the label' of pro se inmate filings to determine whether they are cognizable under 'a different remedial statutory framework.'" United States v. Brown, 748 Fed. Appx. 286, 287 (11th Cir. 2019) (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)).

toward the outstanding balance of $338.33. Thus, to proceed with this action, Sjothun is **ORDERED** to pay the outstanding balance of the filing fee, $338.33, on or before **November 6, 2026,** or in the alternative, file a new motion to proceed without prepayment of fees, on this Court's form, on or before **November 6, 2026**, to which she should attach a copy of her inmate trust account.

Sjothun is **warned** that failure to comply with this Order will result in dismissal of her action without prejudice for failure to prosecute and failure to comply with the Court's orders.

The Clerk is directed to mail a copy of this Order and the Court's form for a motion to proceed without prepayment of fees to Alyssa Sjothun, # 270853, Gila County Jail, P.O. Box 311, Globe, Arizona 85502 and to Alyssa Sjothun at 6449 E. Colby St., Mesa, Arizona, 85205.

I. Background

On October 8, 2024, Sjothun was arrested in Baldwin County, Alabama for the offenses of attempting to elude law enforcement, possession of marijuana 2nd degree, possession of drug paraphernalia, criminal mischief 2nd degree, and two counts of reckless endangerment. Sjothun's vehicle was towed and impounded. On October 8, 2024, her two children were placed in the custody of the Baldwin County Department of Human Resources (DHR) (docs. 1, 6).

In November 2025, Sjothun filed an action pursuant to 42 U.S.C. § 1983. Sjothun raised claims against multiple parties involved with her arrest, towing and impoundment of her vehicle, and the custody proceedings (doc. 1). At this point, Sjothun was in the Brazoria County Detention Center in Texas.

The Court ordered Sjothun to file an amended complaint on the Court's form for Section 1983 actions and to file an amended motion for leave to proceed without prepayment of fees (doc. 4). In that order, the Court cautioned Sjothun that she was required to immediately provide the Court with her current address, if she moved.

Sjothun filed an amended motion for leave to proceed without prepayment of fees and an amended complaint on the Court's form (docs. 5, 6). She dropped her claims against the persons and entities involved with the arrest, towing, and impoundment. Her claims remained against the DHR, its employees, judges, and attorneys involved with the custody proceedings. Her motion and amended complaint were mailed from the Brazoria County Detention Center in Texas.

On February 23, 2026, Sjothun's amended motion (doc. 5) was granted, and she was ordered to pay a partial filing fee (doc. 7). However, the order was returned as undeliverable (doc. 9). Soon thereafter, on March 19, 2026, the Court docketed Sjothun's notice of change of address stating she had been released from Brazoria County and transferred to the Maricopa County Jail in Phoenix, Arizona (doc. 10). On March 23, 2026, the Court sent a second order directing Sjothun to pay a partial filing fee (doc. 11). Sjothun paid the filing fee in April 2026 (doc. 14). Thus, Sjothun received this order. On April 14, 2026, the Court docketed Sjothun's notice of change of address to a residence in Mesa, Arizona (doc. 13).

The action proceeded. On April 28, 2026, the Court denied Sjothun's motion for preliminary injunction (doc. 15). Because Sjothun was no longer incarcerated, an order was entered May 7, 2026, wherein she was ordered to either pay the balance of filing fees or file an amended motion to proceed without prepayment of fees by June 8, 2026 (doc. 16). No response was received. On June 29, 2026, the Report and Recommendation was entered (doc. 17). No objections were filed. The order and judgment were entered July 22, 2026 (docs. 18, 19). All the documents were sent to the residence in Mesa, Arizona. None were returned to the Court.

Then, approximately five months after her notice of change of residence to Mesa, Arizona, on September 4, 2026, the Court docketed Sjothun's notice of change of address to the Gila County Jail in Globe, Arizona. She states that on July 2, 2026, she was taken into custody and had been in the Jail since that date (doc. 21). She also stated that her last communication with the Court had been the change of address for Mesa, Arizona in April 2026. Sjothun

explained that the delay in giving notice was caused by lockdowns, lack of access to mail and records at her home, and difficulty obtaining the mailing address for this Court. Sjothun also stated that she had not been "able to review anything that has been sent" and asked "[i]f any action has been taken on the case during the time of my last filed motion [April 2026], I ask for this court's direction on what I can do to continue the complaint. I have not had access to my mail in Mesa for a significant amount of time and have done my best to communicate the change of address to this court." (doc. 21, p. 2).

At about the same time, on August 25, 2026, the Court received copies of letters from the Court of Appeals for the Eleventh Circuit. Specifically, a copy of the letter from Sjothun to the Eleventh Circuit, dated August 10, 2026, stating she was "waiting for a response from the Alabama Court" and requesting the appeal forms, etc., "in advance", and a copy of the Eleventh Circuit's response letter sent to her (doc. 20). Upon receipt, the Clerk at this Court sent Sjothun a copy of the docket sheet and the Pro Se Handbook to the Gila County Jail. This mailing and Sjothun's change of address (doc. 21) appear to have crossed in the mail.

Then, on September 4, 2026, the Court docketed Sjothun's request for "an extension on what was required for the [orders] I have not received", which the Court construes as a motion to vacate the order and judgment (doc. 22, signed September 2, 2026). Sjothun received the copy of the docket. She wrote that "[a]fter reviewing the civil docket transcript", she found she had not received the order denying the motion for preliminary injunction (doc. 15), the order to pay the balance of filing fees or file an amended motion to proceed without prepayment of fees with warning of dismissal for failure to prosecute and failure to comply (doc. 16), the Report and Recommendation wherein the Magistrate Judge recommended dismissal without prejudice for failure to prosecute and failure to comply with the Court's orders (doc. 17) and the order and judgment (docs. 18, 19).

II. <u>Analysis</u>

Sjothun "ask[s] the Cout to grant an extension on what was required for the [orders] I have not received." (doc. 22). The only allegedly unreceived order which "required" action on the part of Sjothun, was the May 7, 2026 order requiring her to either pay the balance of the filing fee or file an amended motion for leave to proceed without prepayment of fees by June 8, 2026 (doc. 16). Her failure to comply with this order prompted the Report and Recommendation to dismiss without prejudice for failure to prosecute and to comply with the Court's orders.

This order was mailed to Sjothun while she was not incarcerated and residing in Mesa, Arizona, per the April 2026 notice of change of address. Sjothun was not taken into custody until July 2, 2026 (doc. 21). Therefore, a presumption arises that Sjothun received the order in May 2026 and had until July 2, 2026 to comply with the order. See Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b) …"); Fed. R. Civ. P. 5(b)(2)(C) ("… A paper is served under this rule by: … (C) mailing it to the person's last known address--in which event service is complete upon mailing"). The only evidence that the order was not received is Sjothun's statement that she did not receive it. The order was not returned.

The Report and Recommendation, while not requiring Sjothun to act, explained that she had a period of fourteen days after service to file her objections (doc. 17, p. 4). The Report and Recommendation has not been returned to the Court. However, it was mailed to Mesa, Arizona on June 29, 2026, sufficiently close in time to Sjothun's July 2, 2026 arrest, that she may have been in the Gila County Jail in Globe, Arizona when the Report and Recommendation arrived in Mesa, Arizona. The same is true for the order and judgment mailed July 22, 2026 (doc. 18, 19).

As previously stated, the Court construes Sjothun's motion (doc. 22) as a motion for relief from the order, judgment, and Report and Recommendation under Rule 60(b)(6), the catch-all provision. In relevant part, Rule 60(b) provides for relief "from a final judgment, order, or proceeding," for the reasons in paragraphs (b)(1) through (b)(5), and (b)(6) for "any other reason

that justifies relief." "'Relief under Rule 60(b)(6) requires extraordinary circumstances. … The party seeking relief under Rule 60(b)(6) 'has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result.'" Olson v. Takeda Pharms. Am., Inc., No. 25-14527, 2026 WL 2731581, at *3 (11th Cir. Sept. 16, 2026) (citing Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)). The movant "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quotation marks omitted); Gordon v. Dep't of Veterans Affairs, No. 26-10120, 2026 WL 2529459, at *3 (11th Cir. Aug. 27, 2026) (same).

Review of the docket shows that between the time the complaint was filed and the April 14, 2026 change of address to Mesa, Arizona, Sjothun kept in contact with the Court and complied with the Court's orders, including payment of her partial filing fee. Giving Sjothun the benefit of the doubt, she did not receive the May 7, 2026 order (doc. 16). Failure to respond to this order prompted the Report and Recommendation to dismiss for failure to prosecute and failure to comply. While not receiving an order is generally not an extraordinary reason to grant relief under Rule 60(b)(6), her subsequent incarceration delayed her ability to provide the Court with a change of address. Both circumstances were beyond Sjothun's control, at least in terms of complying with the Court's orders.

Moreover, Sjothun recently demonstrated a diligent intent to prosecute this action. On August 10, 2026, she wrote the Court of Appeals for the Eleventh Circuit to ask for appellate forms. She writes: "I am waiting for a response from the Alabama Court" (doc. 20, p. 3). On August 30, 2026, she sent a notice of change of address to this Court. Therein she explained that she had been arrested July 2, 2026 and that "I have had very limited access to getting the correct address to file this change of address. I sent a filing to what seems to have been the wrong address, dated July 2026." (doc. 21, p. 1). In support, she provides the address she was given:

"P.O. Box 1667, Montgomery, Al 36102" (doc. 21-1)[3] and her Inmate Request Form wherein she asks for the address (docs. 21-1, 21-2). She also states she was on "lockdown for over a month and was not able to access this address" and that she had no access to her mail at Mesa, Arizona (21, p. 2). Then on September 2, 2026, after she received a copy of the docket on September 1, 2026, Sjothun filed the instant "General Motion" asking the Court to "grant an extension on what was required for the [orders] I have not received." (doc. 22, p. 1). She also asks that if the Court does not grant her request, can she appeal the decision (Id., p. 2).

Since Sjothun has shown diligence in pursuing her action, and because her allegations implicate a violation of rights under the Fourteenth Amendment with respect to state custody of two of her minor children, the Court finds that she has demonstrated exceptional circumstances sufficient to warrant vacating the judgment, order, and the Report and Recommendation.

DONE and ORDERED this 5th day of October 2026.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[3] Sjothun was also given an address for the United States Courthouse for the Southern District of Texas (doc. 21-1). She filed a civil rights action against the Sheriff and Correctional Officers for Brazoria County Texas. Sjothun v. Stallman, Civil Action No. 4:25-05282 (S.D. Tx. 2025).